Stuart R. Day WSB # 5-2244
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400 (82601)
P. O. Box 10700
Casper, WY 82602
307.265.0700 telephone
307.266.2306 facsimile
sday@wpdn.net

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| PATSY LEVANG CHERYL TUCK-SMITH, SUSAN JENNINGS, MARGO KNORR, KAREN POPE and ANN WITT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 24-CV-267-ABJ |
| KAPPA KAPPA GAMMA FRATERNITY, MARY PAT ROONEY, MARIA BROWN, NANCY CAMPBELL, BARB GOETTELMAN, LIZ WONG, KYLE DONNELLY and BETH BLACK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### NOTICE OF DECISION

Defendants Kappa Kappa Gamma Fraternity, Mary Pat Rooney, Maria Brown, Nancy Campbell, Barb Goettelman, Liz Wong, Kyle Donnelly and Beth Black, by and through undersigned counsel, hereby notify the Court of the decision issued by the United States District Court for the Southern District of Ohio's decision dismissing Plaintiffs' Motion for Reconsideration of the Order Transferring this matter to this Court for want of jurisdiction. This is the motion of which Plaintiffs notified the Court on January 27, 2025. (*See* ECF No. 62.) The Ohio District Court's decision is attached hereto as Exhibit A.

Dated: March 21, 2025            Respectfully submitted,

/s/ *Brian W. Dressel*
Natalie M. McLaughlin (Ohio Bar No. 0082203)*
Brian W. Dressel (Ohio Bar No. 0097163)*
VORYS, SATER, SEYMOUR AND PEASE, LLP
52 East Gay Street
Columbus, OH 43215
Telephone/Facsimile: (614) 464-5452
Email:       nmmclaughlin@vorys.com
             bwdressel@vorys.com
* *-Admitted Pro Hac Vice*

Stuart R. Day (#6-3081)
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone:   (307) 265-0700
Facsimile:    (307) 266-2306
E-Mail:       sday@wpdn.net

**CERTIFICATE OF SERVICE**

  The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel of record via CM/ECF electronic transmission this 21st day of March, 2025.

        /s/ *Brian W. Dressel*
        Brian W. Dressel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Patsy Levang, *et al.*,

    Plaintiffs,

v.

Kappa Kappa Gamma Fraternity, *et al.*,

    Defendants.

Case No. 2:24-cv-316

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

On December 19, 2024, this Court transferred this case to the United States District Court for the District of Wyoming. Op., ECF No. 42. Eleven days later, Patsy Levang, *et al.* ("Plaintiffs") moved for reconsideration. Mot., ECF No. 43. The Court dismisses that motion for lack of jurisdiction.

### I. BACKGROUND

The underlying facts of the case and the Court's transfer analysis may be found in the December 19, 2024, transfer order. *See* Op., ECF No. 42.

Shortly after this Court transferred the matter—in fact, later that same day—the Wyoming District Court opened and assigned this case to Judge Alan Johnson. *See* Case No. 2:24-cv-00267-ABJ, ECF Nos. 43–44 (D. Wyo.). Since then, the Wyoming court admitted Plaintiffs' counsel pro hac vice, received appearances from Plaintiffs' local counsel, and held at least one status conference. *See id.*, ECF Nos. 49–57, 63–64.

Yet Plaintiffs move this Court to reconsider the transfer, raising three arguments. First, because neither party moved for transfer, Plaintiffs request an opportunity to brief the issue in the Southern District of Ohio. *See* Mot., ECF No. 43 at PAGEID # 729–30. Second, they argue transfer is improper under 28 U.S.C. § 1404(a) because "the District of Wyoming would not have been a proper venue for [P]laintiffs to have filed" the original complaint. *Id.* at PAGEID # 730–31. Finally, Plaintiffs assert that § 1404(a) predicates transfer on the convenience of the parties and the interest of justice, both of which they claim are unmet here. *Id.* at PAGEID # 731–32. The Court will not decide the merits of these issues because it lacks jurisdiction.[1]

## II. ANALYSIS

"Jurisdiction follows the file[.]" *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516–17 (10th Cir. 1991)). That means "[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, *including the power to review the transfer.*"

---

[1] That said, Plaintiffs focus on the wrong law. Plaintiffs discuss only § 1404(a). But the Court did not transfer under § 1404(a). Rather, the Court exercised its inherent authority to transfer under the first-to-file rule. Op. 2, 23, ECF No. 42 at PAGEID # 703, 725; *see also NCR Corp. v. First Fin. Computer Services, Inc.*, 492 F. Supp. 2d 864, 868–69 (S.D. Ohio 2007); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690–91 (E.D. Tenn. 2005) (collecting cases) ("Because [plaintiff's] action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion on whether a transfer pursuant to § 1404(a) would be proper").

*Id.* (emphasis added). When does "physical" transfer occur in the electronic era? It occurs as soon as the transferee court dockets the case. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015) (citing *Chrysler*, 928 F.2d at 1516-17; *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987)).

The Wyoming District Court docketed this case on December 19, 2024. So this Court lost jurisdiction as of that date. This Court therefore cannot rule on Plaintiffs' December 30, 2024 motion for reconsideration, and the Court accordingly **DISMISSES** that motion for lack of jurisdiction.

### III. CONCLUSION

Plaintiffs' motion to reconsider is **DISMISSED** for want of jurisdiction.

The Clerk shall terminate ECF No. 43.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT